967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfredo KURE-PASCUALES, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70049.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.
Decided May 29, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I OVERVIEW
 
 2
 Alfredo Kure Pascuales ("Kure"), a citizen of Columbia, but a resident of this country, pleaded guilty to distribution of cocaine. Upon his release from prison, he was placed in deportation proceedings by the Immigration and Naturalization Service ("INS"). Kure conceded deportability, but argued he deserved discretionary relief from deportation because his case presented "outstanding equities." The Immigration Judge ("IJ") granted relief, but the Board of Immigration Appeals ("BIA") reversed, ordering Kure deported, and simultaneously rejecting Kure's request that it consider newly proffered evidence. Kure appeals the BIA's decision, claiming it improperly refused to consider the new evidence. We affirm.
 
 II ANALYSIS
 
 3
 1. Did the BIA err in denying Kure's motion to reopen?
 
 
 4
 Kure's claim makes sense only when it is placed against the relevant statutory and regulatory background. An alien who commits a drug offense is deportable under 8 U.S.C. § 1251(a)(11) (1988):
 
 
 5
 Any alien in the United States ... shall, upon order of the Attorney General, be deported who--
 
 
 6
 ....
 
 
 7
 11) ... at any time has been convicted of a violation of, or conspiracy to violate, any law or regulation of a State, the United States, or a foreign country relating to a controlled substance....
 
 
 8
 See Ayala-Chavez v. U.S.I.N.S., 944 F.2d 638, 640 & n. 1 (9th Cir.1991). Kure concedes he is deportable under this provision.
 
 
 9
 Under 8 U.S.C. § 1182(c) (1988), the Attorney General has authority to suspend or waive an order of deportation under § 1251(a)(11):
 
 
 10
 Aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under any order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted at the discretion of the Attorney General.
 
 
 11
 Despite the language of this provision, this court has held the provision applies in a case of deportation under § 1251(a)(11). Ayala-Chavez, 944 F.2d at 640 & n. 2.
 
 
 12
 In order to merit a suspension of deportation under § 1182(c), an alien must demonstrate "outstanding equities." Id. at 641. The BIA has stated:
 
 
 13
 In order to provide the framework for an equitable application of discretionary relief, the Board has enunciated factors relevant to the issue of whether section 212(c) relief should be granted as a matter of discretion. Among the factors deemed adverse to a respondent's application have been the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.... Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of the residence occurred while the respondent was of young age), evidence of hardship to the respondent and family if deportation occurs, service in this country's Armed Forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of a genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character....
 
 
 14
 Matter of Marin, 16 I. & N. Dec. 581, 584-85, 1978 BIA LEXIS 35, at * 8-* 10 (1978).
 
 
 15
 In cases where evidence arises after the IJ's or the BIA's decision, an alien may file a motion to reopen the proceedings and have the BIA consider the new evidence. See Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987). Under 8 C.F.R. § 3.2 (1990), "[m]otions to reopen ... shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...." See INS v. Doherty, 112 S.Ct. 719, 724 (1992); INS v. Abudu, 485 U.S. 94, 104-05 (1988).
 
 
 16
 Kure claims the BIA erred under § 3.2 in refusing to consider evidence relating to his new restaurant. The evidence is that Kure opened the restaurant, and that it received favorable reviews. We review for abuse of discretion the BIA's refusal to reopen proceedings and consider the newly proffered evidence. Doherty, 112 S.Ct. at 724. Recently, in reversing a panel of this court, the Supreme Court stated: "To reverse [a] BIA finding we must find that the evidence not only supports [the contrary] conclusion, but compels it...." INS v. Elias Zacarias, 112 S.Ct. 812, 815 n. 1 (1992).
 
 
 17
 There is no question that Kure met the second part of the § 3.2 test: evidence that Kure actually had opened his restaurant, and the reviews of the restaurant, were not available and could not have been discovered at the former hearing, because the IJ issued his decision on April 9, 1990, and Kure opened his restaurant on July 3, 1990.
 
 
 18
 However, we hold the BIA did not abuse its discretion in deciding Kure's newly proffered evidence was not "material" under 8 C.F.R. § 3.2. Although the evidence surely was relevant, see Matter of Marin, 16 I. & N. Dec. at 585, 1978 BIA LEXIS 35 at * 10, the Supreme Court has stated the BIA also may consider the "incremental significance" of new evidence in deciding whether the evidence is "material" under § 3.2:
 
 
 19
 the BIA may hold that the movant has not introduced previously unavailable, material evidence, 8 C.F.R. § 3.2 (1987), or, in an asylum application case, that the movant has not reasonably explained his failure to apply for asylum initially, 8 C.F.R. § 208.11 (1987). (The issues under the two regulations may, of course, both involve the incremental significance of whatever allegedly new evidence is introduced by the movant.)
 
 
 20
 Abudu, 485 U.S. at 104-05 (emphasis added).
 
 
 21
 Kure admits the BIA considered evidence that he had previously operated a successful restaurant, and that he owned and was planning to open the new restaurant. However, he claims the new evidence (that he actually had opened the new restaurant and had received favorable reviews) should have been considered because "a great gap exists between planning and execution, between execution and success." Following Abudu, and given that the BIA already had considered both Kure's previous success and the fact that he owned and was planning to open the new restaurant, we conclude those gaps are not great enough for us to find the BIA abused its discretion. As the Supreme Court has stated, quoting from this circuit:
 
 
 22
 If INS discretion is to mean anything, it must be that the INS has some latitude in deciding when to reopen a case. The INS should have the right to be restrictive.... Granting such motions too freely will....waste the time and efforts of immigration judges called upon to preside at hearings automatically required by the prima facie allegations....
 
 
 23
 Id. at 108 (quotations omitted).
 
 III CONCLUSION
 
 24
 The new evidence proffered by Kure was not "incremental[ly] significan[t]" enough to require the BIA to reopen his case. We affirm the BIA's decision.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4